UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
JOHNATHAN EUGENE MOBERG and
JESSICA DIANE MOBERG
    Debtors.                    Case No. 13-10-11572 SF

### MEMORANDUM OPINION IN SUPPORT OF ORDER SETTING A TRIAL TO DETERMINE BANK OF AMERICA, N.A.'S STANDING TO OBJECT TO DEBTORS' PLAN OF REORGANIZATION

The Debtors filed a Chapter 13 Plan with this Court on March 30, 2010 (doc 1). Debtors filed their Notice of Deadline for Filing Objections to Confirmation of Chapter 13 Plan on April 23, 2010 (doc 16). Creditors received the Notice and Plan on April 26, 2010. On May 14, 2010, Bank of America ("BoA") timely filed an objection to confirmation of the Plan (doc 27). Bank of America, however, has not filed a proof of claim in this case. At the time Bank of America filed their objection, the time to file a proof of claim had already passed and would have been disallowed (doc 27, p. 1). This is a core proceeding under 28 U.S.C. § 28 157(b)(2)(A) & (L).

**Background**

The parties do not contest that BoA has a financial relationship with Debtors. BoA is the holder of a note ("Real Property Note") from the Debtors secured by real property owned by Moberg Welding, Inc. ("Moberg Welding"), which is not a Debtor in this bankruptcy (doc 84, p. 2; doc 85, p. 2). Debtors have not pledged any property as collateral for, or otherwise guaranteed the Real Property Note (doc 84; doc 85 p. 2). BoA

also holds a note ("Personal Property Note") from Moberg Welding Inc., secured by equipment owned by that corporation, among other things, and guaranteed by the Debtors (doc 84, p. 2; doc 85 p. 2). BoA asserts that because it is the holder of these two notes, it is a party in interest, and has standing to object to the confirmation of Debtors' Chapter 13 plan (doc 84).

**"Party in Interest"**

Bankruptcy Code § 1324(a) provides that "a party in interest may object to confirmation of the plan". 11 U.S.C. § 1324(a). Thus, in order to object to confirmation, BoA must be a "party in interest". See In re Luna, No. 13-99-13304-SS (Bankr. D. N.M. 1999)(doc 49). This Court decided in In re Luna that an unsecured creditor which has not filed a timely proof of claim is not a "party in interest" in the Bankruptcy case, and therefore lacks standing to object to confirmation. Id. "Party in interest" is not defined by the Bankruptcy Code, but "is generally understood to include all persons whose pecuniary interests are directly affected by the bankruptcy proceedings." In re Davis, 239 B.R. 573, 579 (10th Cir. BAP 1999). Thus, if BoA can show that this plan will directly affect its pecuniary interest, it would then be a "party in interest" and therefore have standing to object to confirmation of the plan.

**Personal Property**

**Vehicles**

2

BoA claims that it has an unperfected security interest in certain vehicles and trailers Debtors propose to sell as a part of their Chapter 13 plan (doc 84, p. 4; doc 82, ex. 1). Parties further admit, and the law is clear that "A security interest in a vehicle of a type required to be titled and registered in New Mexico is not valid against attaching creditors, subsequent transferees or lienholders unless perfected." § 66-3-201(A) N.M.S.A. 1978. BoA admits that its interest in the vehicles and trailers secured by the Personal Property note is unperfected (doc 84, p. 4). Instead, it asserts that the above cited law does not apply since Moberg Welding is a party to the Security Agreement (doc 84, p. 4).

This argument falls apart, however, because Moberg Welding is not a Debtor in this bankruptcy or the owner of the collateral Debtor is proposing to sell. While BoA has submitted a series of Certificates of Title, which show that Moberg Welding was the owner of many, but not all, of the items Debtors propose to sell according to their Amended Plan, Debtors have submitted more recent Certificates of Title showing that Debtors themselves are the owners, free and clear of any liens, on each and every piece of collateral they propose to sell (doc 84, ex. F1-F21[1]; doc 82, ex. 1; doc 85, ex. 2). Thus, BoA is in fact attempting to assert

---

[1]BoA asserts the existence of an additional title as exhibit F22 (doc 84, p. 4). However, there was no exhibit F22 filed with this Court.

3

an unperfected lien against a subsequent transferee which owns the property free and clear of any liens, as it itself admits is invalid by law.  Thus, Bank of America cannot claim standing to object to Debtors' Chapter 13 Plan based on the sale of the vehicles listed in Debtor's Exhibit A, since they cannot enforce their unperfected lien against Debtors, the owners of said vehicles (doc 82, ex. 1).

**Welding Machines**

Debtors also propose to sell "3 of 5 Lincoln Welding Machines" as part of their Chapter 13 Plan (doc 82, ex. 1).  Bank of America asserts that it holds a perfected security interest in all three of these machines, owing to a perfected lien against Moberg Welding's "machinery, furniture, fixtures and other equipment of every type" (doc 84, p. 3; doc 84, ex. C-E).  Debtors, for their part, assert ownership of the welding machines (doc 85, pp. 2-3).  Bank of America's status as a secured party hinges on a factual issue: Did Moberg Welding ever own the welding machines in question?  If the machines are (or were) owned by Moberg Welding, then Bank of America has a security interest.  If they were always owned by the Debtors individually, then BoA does not have a security interest in them.  Bank of America, however, offers no evidence showing that the welding machines were in fact owned by Moberg Welding, Inc.  It is true that the machines are listed on Debtors' Schedule B as

4

"(Business)", much like the real property that Moberg Welding in fact owns, discussed below (doc 13, p. 8). However, this is not dispositive, as the other vehicles in question, also marked "(Business)" on the Schedule B, in fact belong to the Debtors individually (doc 18, p.7). No other evidence relating to the ownership of the Lincoln Welding Machines has been offered. As there is a significant question of fact relating to the existence of a perfected security interest in the welding machines, which may be held by Bank of America, this issue must be resolved at trial before Bank of America's standing to object to Debtors' Chapter 13 Plan can be determined.

**Real Property**

BoA also claims standing based on the fact that "[t]he Debtors' proposed plan allows them to keep the real property pledged to BOA," (doc 84, p .2). There is one major flaw in this assertion. Even though Debtors scheduled the real property, as BoA itself states, "the real property is actually owned by Moberg Welding, Inc." (doc 13, p. 4; doc 84 p. 3). Thus, Debtors are not keeping the property. Moberg Welding, Inc., which is not a Debtor in this bankruptcy, is keeping the property, subject to BoA's asserted mortgage. As Debtors are not the owner of the real property, and are not proposing to sell the real property, this Bankruptcy will not affect BoA's pecuniary interest in that

5

property.  Thus, BoA's claim of standing based on the real property is not valid.

**Conclusion**

For the foregoing reasons, this Court finds that Bank of America lacks standing to object to confirmation of Debtors' Chapter 13 plan based on Debtors' proposed sale of vehicles, and the real property at 5837 U.S. Hwy. 64, Farmington, NM 87401. Bank of America lacks a pecuniary interest in the vehicles Debtors' Plan proposes to sell, and Debtors bankruptcy does not affect Bank of America's pecuniary interest in real estate not owned by Debtors which the Plan does not propose to sell. However, there is a significant factual issue as to whether Bank of America has a perfected security interest in the three Lincoln Welding Machines that Debtors propose to sell.  This issue must be resolved at trial before Debtors' Chapter 13 Plan may be confirmed.

The Court will enter an interim order regarding the above and set a status conference to determine a convenient trial date.

*/s/ James S. Starzynski*

Honorable James S. Starzynski
United States Bankruptcy Judge

Date Entered on Docket:  August 25, 2011

Copies to:

Gerald R Velarde
Attorney for Debtors
2531 Wyoming Blvd NE
Albuquerque, NM 87112-1027

Spencer Lewis Edelman
Modrall Sperling Roehl, Harris & Sisk PA
Attorney for Bank of America, N.A.
PO Box 2168
Albuquerque, NM 87103-2168

William R Keleher
Attorney for Bank of America, N.A.
PO Box 2168
Albuquerque, NM 87103-2168

Kelley L. Skehen
Trustee
625 Silver Avenue SW
Suite 350
Albuquerque, NM 87102-3111

United States Trustee
PO Box 608
Albuquerque, NM 87103-0608

7